Richard E. Donahoo, State Bar No. 186957
Sarah L. Kokonas, State Bar No. 262875
R. Chase Donahoo, State Bar No. 322191
**DONAHOO & ASSOCIATES, PC**
440 West First Street, Suite 101
Tustin, CA 92780
Telephone: (714) 953-1010
Email:  rdonahoo@donahoo.com
        skokonas@donahoo.com
        cdonahoo@donahoo.com

Attorneys for Petitioner
FRANK RONQUILLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANK RONQUILLO,<br><br>Petitioner,<br><br>v.<br><br>NABORS COMPLETION & PRODUCTION SERVICES CO., a Delaware corporation, now known as C&J Well Services, Inc.,<br><br>Respondent. | Case No.:<br><br>**NOTICE OF RELATED CASE IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD** |

Pursuant to Local Rule 83-1.3 (L.R. 83-1.3) Petitioner Frank Ronquillo ("Petitioner") provides the following Notice of Related Case in support of Petition to Confirm Arbitration Award.

1.     L.R. 83-1.3 provides that a party shall file a Notice of Related Cases whenever two or more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges.

2.     The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors. All facts that

appear relevant to such a determination must be set forth. The Notice must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another. The Notice must be served on all parties who have appeared in the case and concurrently with service of the complaint.

3. This case is related to the case of *Brandyn Ridgeway, et al. v. Nabors Completion & Production Services, Co., et al.*, filed in the Central District as USDC Case No. 2:15-cv-03436-DDP-JPR. assigned to Hon. Dean D. Pregerson. ("*Ridgeway*")

4. Petitioner was a putative class member in *Ridgeway*. In *Ridgeway* defendants removed the case to the Central District and brought a motion to compel arbitration, which was denied. Defendants appealed to the Ninth Circuit which reversed with instructions. As a result of the Ninth Circuit ruling, the claims of the lead plaintiffs in *Ridgeway* were dismissed in light of the enforceable arbitration agreement which included a class action waiver.

5. Following the Ninth Circuit ruling, putative class members, including Petitioner Ronquillo, filed individual demands for individual arbitration at JAMS.

6. Following the individual arbitrations of the lead plaintiffs in *Ridgeway*, motions to confirm the arbitration awards for the lead plaintiffs in *Ridgeway* were heard and ruled upon by Judge Pregerson on June 25, 2021, and judgments entered thereon. (See, *Ridgeway*, ECF 151, 152, 153, 154).

7. The claims of Petitioner Ronquillo arise from the same or a closely related transaction, happening, or event alleged in *Ridgeway*. All of the putative class members were employees of Respondent, the lead defendant in *Ridgeway*. All worked on the same public works project at issue, and were subject to the identical employment practices which gave rise to their wage dispute. Each plaintiff made substantively identical claims for violation of the Labor Code, the only difference being the amount of damages. All putative class members were subject to the identical arbitration agreement which was the center of the dispute in *Ridgeway*. Judge Pregerson has made rulings in connection with the

agreement and recently in connection with confirmation of arbitration awards under the agreement at issue. Each of the putative class members who have engaged in arbitration have commenced arbitration at JAMS and been subject to the identical JAMS rules.

8. This case and *Ridgeway* both call for determination of the same or substantially related or similar questions of law and fact, including but not limited to the arbitrability of the claims, the arbitration rulings concerning the application of California's public works law (Labor Code §§1770 et. seq.) and other legal issues and rulings in the underlying cases. The facts giving rise to the claims are identical for each worker. Given that Judge Pregerson is dealing with these issues in *Ridgeway* it would entail substantial duplication of labor, and potential inconsistent rulings if heard by different judges.

## DETAILED RELEVANT FACTS

9. Petitioner was employed by Respondent from on or about 2005 to mid-January 2015. From on or about January 2013 to April 2014 Petitioner was employed by Respondent in the Port of Long Beach working to fulfill Respondent's subcontract to execute the Port of Long Beach's Oil Well Plug and Abandonment Project for the West Wilmington Oil Field. ("the Port of Long Beach Project")

10. On March 24, 2015, Nabors Red Lion Limited ("Red Lion"), then a wholly owned subsidiary of Nabors Industries Ltd., completed a merger (the "Merger") with C&J Energy Services, Inc. ("C&J Energy Inc.") and became C&J Energy Services, Ltd. ("C&J Energy Ltd."). Prior to the Merger, Respondent was a wholly owned subsidiary of Red Lion. As a result of the Merger, Respondent became a wholly owned subsidiary of C&J Energy Ltd. Respondent then became known as C&J Well Services, Inc. ("CJWS").

11. On April 2, 2015, Brandyn Ridgeway ("Ridgeway") and Tim Smith ("Smith," and together with Ridgeway, "Plaintiffs") commenced a putative class action in the Superior Court for the County of Los Angeles (the "Class Action") alleging various wage-related claims against certain defendants, including Respondent (collectively, with other named defendants, the "Defendants"). Plaintiffs named themselves the proposed class action representatives for the Class Action. The Class Action was removed to the United

States District Court for the Central District of California (the "District Court") on May 7, 2015. The Class Action was assigned USDC Case No. 2:15-cv-03436-DDP-JPR.

12. In the Class Action Plaintiffs sought to represent a class of all non-exempt field workers who are employed or have been employed by Respondent in execution of the West Wilmington Oil Fields Contract(s) in the State of California since April 2, 2011. ("the Class"). Petitioner was a putative class member of the Class in the Class Action and his claims were tolled upon the filing of Class Action April 2, 2015.

13. On June 29, 2015, Defendants in the Class Action filed motions to compel arbitration pursuant to a certain arbitration agreement with Respondent (the "Arbitration Agreement"). On October 13, 2015, Hon. Dean D. Pregerson, the District Court Judge in the Class Action denied Defendants' motions to compel arbitration. Defendants appealed the District Court's ruling.

14. On February 13, 2018, the Ninth Circuit Court of Appeals reversed and remanded the District Court's denial of the Defendants' motion to compel arbitration with instructions (the "Ninth Circuit Order"). See Ridgeway v. Nabors Completion & Prod. Servs. Co., 725 App'x 472, 474 (9th Cir. 2018). Specifically, the Ninth Circuit (a) held that the applicable Arbitration Agreement was generally enforceable, with the exception of several severable discovery-related provisions; and (b) directed the District Court on remand to "consider the limited issue of whether to certify Plaintiffs' PAGA claims" pursuant to Section 4(C) of the Arbitration Agreement.

15. On remand, consistent with the Ninth Circuit Order's instructions, the District Court dismissed Plaintiffs' individual claims. See Ridgeway v. Nabors Completion & Prod. Servs. Co., 2018 WL 3569341 (C.D. Cal. July 23, 2018).

16. In light of the Ninth Circuit ruling finding the Arbitration Agreement enforceable, Petitioner and others, including Ridgeway and Smith the lead plaintiffs in Ridgeway, filed individual demands and claims in arbitration at JAMS seeking to commence arbitration proceedings to adjudicate their individual claims.

17. Individual arbitrations have commenced at JAMS. The arbitrations of lead plaintiffs Ridgeway and Smith concluded with Final Awards in favor of plaintiffs.

18. Ridgeway and Smith filed motions in Ridgeway for confirmation of their respective awards and for judgment thereon. On June 25, 2021, Judge Pregerson issued orders granting the petitions and confirming the awards and entered judgments thereon. (See, Ridgeway ECF 151,152, 153, 154).

19. Like Ridgeway and Smith, Petitioner Frank Ronquillo brought identical claims in his JAMS arbitration, pursuant to the identical arbitration agreement. Like Ridgeway and Smith, Petitioner obtained a favorable arbitration award which he seeks to confirm.

20. Counsel in this matter for Petitioner and Respondent are identical on both sides as counsel in *Ridgeway*.

For the foregoing reasons, the matter should be deemed related to *Ridgeway*.

Respectfully Submitted

Dated:  July 8, 2021                    DONAHOO & ASSOCIATES, PC

By:  /s/ *Richard E. Donahoo*_____
    Richard E. Donahoo
    Sarah L. Kokonas
    R. Chase Donahoo
    Attorneys for Petitioner