Richard E. Donahoo, State Bar No. 186957
Sarah L. Kokonas, State Bar No. 262875
R. Chase Donahoo, State Bar No. 322191
**DONAHOO & ASSOCIATES**
440 West First Street, Suite 101
Tustin, CA 92780
Telephone: (714) 953-1010
Facsimile: (714) 953-1777
Email: rdonahoo@donahoo.com
skokonas@donahoo.com
cdonahoo@donahoo.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FRANK RONQUILLO,

Petitioner,

v.

NABORS COMPLETION & PRODUCTION SERVICES CO., a Delaware corporation, now known as C&J Well Services, Inc.,

Respondent.

Case No.: 2:21-cv-05535 DDP(JPRx)

District Judge: Dean D. Pregerson
Magistrate Judge: Jean P. Rosenbluth

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM FINAL ARBITRATION AWARD, FOR FURTHER ATTORNEYS' FEES AND COSTS, AND TO ENTER JUDGMENT AGAINST NABORS COMPLETION & PRODUCTION SERVICES CO. N/K/A C&J WELL SERVICES, INC.**

Date: September 27, 2021
Time: 10:00 am
Judge: Hon. Dean D. Pregerson
Dept.: 9th Floor, Courtroom 9C

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........ 3

A. PROCEDURAL HISTORY PRIOR TO THE ARBITRATION ........ 3

B. RONQUILLO'S ARBITRATION ........ 5

1. THE ARBITRATOR ISSUED ITS RULING SUMMARILY ADJUDICATING RESPONDENT'S LIABILITY ........ 5

2. THE ARBITRATION AND RULING ON DAMAGES ........ 6

3. THE ARBITRATOR AWARDED REASONABLE ATTORNEYS' FEES AND COSTS ........ 6

4. THE ARBITRATOR ISSUED ITS FINAL AWARDED INCORPORATING ITS PRIOR RULINGS ........ 7

C. THE ARBITRATOR'S RULING IS CONSISTENT WITH OTHER ARBITRATORS' RULINGS ON THE SAME LIABILITY ISSUE ........ 8

III. THE COURT SHOULD CONFIRM THE FINAL AWARD AND ENTER JUDGMENT ........ 8

IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES INCURRED IN PREPARING THE INSTANT PETITION ........ 11

V. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## Cases

*Armendariz v. Foundation Health Psychcare Services, Inc*.
(2000) 24 Cal.4th 83 .......... 12

*Biller v. Toyota Motor Corp*.
668 F.3d 655 (9th Cir. 2012) .......... 10

*Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) .......... 11

*Broughton v. Cigna Healthplans*
(1999) 21 Cal.4th 1066 .......... 12

*DeMartini v. Johns*
693 F. App'x 534 (9th Cir. June 7, 2017) .......... 9

*First Options of Chicago, Inc. v. Kaplan*
514 U.S. 938 (1995) .......... 9

*Hall St. Assoc., LLC v. Mattel, Inc.*
552 U.S. 576 (2008) .......... 10

*Kirby v. Immoos Fire Protection, Inc.*
(2012) 53 Cal. 4th 1244 .......... 12

*Kyocera Corp v. Prudential-Bache Trade Serv. Inc.*
341 F.3d 987 (9th Cir. 2003) .......... 10

*Ling v. P.F. Chang's China Bistro, Inc.*
(2016) 245 Cal. App. 4th 1242 .......... 12

*Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.* 44 F.3d 826 (9th Cir. 1995) .......... 10

*Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*
84 F.3d 1186 (9th Cir. 1996) .......... 9

## Statutes

9 U.S.C § 9 .......... 8, 9, 11

9 U.S.C. § 10 .......... 11

9 U.S.C. § 10(a)(1) – (4) ....................9
9 U.S.C. § 11 ....................10, 11
9 U.S.C. § 11(a) – (c) ....................10
9. U.S.C. § 10 ....................9
Labor Code § 1771 ....................1, 6
Labor Code § 1774 ....................6
Labor Code § 203(a) ....................2, 6
Labor Code § 226(e) ....................2
Labor Code §§ 1770 et. seq. ....................2
Labor Code §§1194 ....................11, 12
Labor Code §§1194(a) ....................6, 11, 12
Labor Code §§1770 et seq ....................6
Labor Code §1194(a) ....................1
Labor Code §226(a) ....................1, 11, 12
Labor Code §2699 ....................1, 3, 4, 5

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Petitioner Frank Ronquillo ("Petitioner" or "Ronquillo") moves to confirm the arbitration award issued in his favor. He was employed by Respondent NABORS COMPLETION & PRODUCTION SERVICES CO. n/k/a C&J WELL SERVICES, INC. ("Respondent" or "Nabors") in the Port of Long Beach working to fulfill Nabors' subcontract to execute the Port of Long Beach's Abandonment Project for the West Wilmington Oil Field ("the Port of Long Beach Project").

The award stems from the putative class action commenced by Brandyn Ridgeway ("Ridgeway") and Tim Smith ("Smith") in the Superior Court for the County of Los Angeles (the "Class Action") alleging various wage-related claims against Nabors. Petitioner alleging among other things, claims under Labor Code §1194(a) and Labor Code § 1771 for failure to pay the minimum prevailing wage and overtime, under Labor Code §226(e) for failure to provide accurate itemized wages statements under Labor Code §226(a) was a member of the putative Class Action. The Class Action was removed to this Court on May 7, 2015.

On July 23, 2018, after the Ninth Circuit reversed this Court with instructions, this Court enforced Nabors' Arbitration Agreement and dismissed Ridgeway and Smith's individual non-PAGA claims against defendant Nabors, thus dismissing Ridgeway and Smith's putative class action.

Subsequently, Ridgeway, Smith and scores of other Nabors workers, including Ronquillo, sought individual JAMS arbitrations. On or about May 9, 2018, Nabors filed its Answering Statement, generally denying all allegations and asserting 45 affirmative defenses. On April 30, 2020, Hon. Richard J. McAdams (Ret.) (the "Arbitrator") was selected as Arbitrator.

In the course of the JAMS arbitration, the Arbitrator permitted both parties to file motions for summary disposition under JAMS Employment Rule 18. The motions focused on the liability issues, including whether Petitioner's work for Nabors for the Port of Long Beach Project was "public work" mandating payment of prevailing wages under

California's public work laws. (Labor Code §§ 1770 et. seq.). Both sides brought dispositive motions. On December 28, 2020, the Arbitrator issued an order granting Petitioner's motion for summary adjudication and denying Nabors' motion.

An arbitration hearing on damages was conducted via Zoom on January 28-29, 2021 and February 1, 2021. The parties submitted closing briefs thereafter.

On March 25, 2021, the Arbitrator issued an Interim Arbitration Award. (*See* Declaration of Richard E. Donahoo ("Donahoo") ¶23, **Exhibit H**). In sum, the Arbitrator issued findings on the issues in dispute including as to (a) the proper wage classification under California's Department of Industrial Relations; (b) the wages owed; (c) offsets to the amount of wages owed; (d) statutory interest owed; (e) waiting-time penalties; (f) damages for non-compliant itemized wage statements; and (g) entitlement to attorney's fees as the prevailing party. Petitioner and Nabors thereafter litigated the amount of attorneys' fees and costs.

On June 29, 2021 the Arbitrator awarded Plaintiff an awarded totaling $552,906.23, broken down as follows: $103,786.96 in unpaid wages, $81,042.87 in statutory interest thru January 28, 2021, and continuing at $28.43 per day, and $22,431.20 in statutory penalties under Cal. Labor Code § 203(a), $3,150 in penalties for wage statement violations under Cal. Labor Code 226(e), $341,076.25 in attorneys' fees and $1,418.95 in costs (the "Final Award"). (Donahoo ¶29, **Exhibit I**).

On July 8, 2021 Ronquillo filed this action to petition to confirm the award and for judgment. (ECF No. 1). This case was transferred to this Court on On August 11, 2021 Nabors filed its Answer a Cross-Petition to Vacate Modify Or Correct Arbitration Award. (ECF No. 13).

Counsel for the Petitioner met and conferred pursuant to Local Rule 7-3 regarding this Motion. (Donahoo ¶1).

The Final Award is final and binding on the parties and was made in accordance with the parties' arbitration agreement and the Federal Arbitration Act ("FAA"). Pursuant to section 9 of the FAA this Court should confirm the Final Award and enter judgment in

favor of Plaintiff. The Court should award additional attorneys' fees and costs associated with this action, or alternatively, refer the matter to the Arbitrator for post-award fees and costs as appropriate.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY PRIOR TO THE ARBITRATION

Beginning in November 2014, Petitioner's counsel began investigation of claims by former Nabors workers who performed work on the Gerald Desmond Bridge (GDB) project in Long Beach. Counsel determined that there were legally sufficient grounds for pursuing an action against Nabors. (Donahoo ¶2). On April 2, 2015 Ridgeway and Smith filed suit in Los Angeles Superior Court against Nabors to recover their unpaid wages and for other Labor Code violations, for themselves and as a class action for similarly situated employees. (Donahoo ¶3). In addition to Nabors, Ridgeway and Smith named the City of Long Beach and Tidelands Oil Production Company as defendants in the putative class action, under a cause of action for declaratory relief. (Donahoo ¶4).

Nabors removed the action to federal court. (Donahoo ¶5). Subsequently Nabors and the City of Long Beach and Tidelands brought separate motions to compel individual arbitrations and to dismiss all claims, including claims under PAGA. (Donahoo, ¶6). Ridgeway and Smith opposed the motions. After lengthy briefing Ridgeway and Smith prevailed when this Court ruled the Nabors arbitration agreement was unenforceable. (Id.)

Nabors and the City of Long Beach appealed the denial of their respective motions to the Ninth Circuit Court of Appeals. (Donahoo ¶7). Nabors and the City also filed a contested motion to stay the federal court action at the district court. (Id.)

During the pendency of the appeal, on or about July 2016, Nabors' successor C&J Well Services, Inc. filed for bankruptcy protection in Houston, Texas in the United States Bankruptcy Court in the Southern District of Texas (*see In Re: CJ Holding Co., et al.* (Case No. 16-33590, S.D. Tex. – Houston Div.)). (Donahoo ¶8). The filing of the bankruptcy stayed proceedings in the district court and Ninth Circuit. Ridgeway, Smith and others,

including Ronquillo, filed claims in the bankruptcy. (Id.) On behalf of its clients Petitioner's counsel retained Texas bankruptcy counsel in Houston, Texas. (Id.)

After Nabors' parent company agreed to indemnify C&J for the claims, on December 22, 2016 Ridgeway and Smith filed a motion for relief from the automatic bankruptcy stay in the bankruptcy court. (Donahoo ¶9). In January and February 2017, plaintiffs' counsel negotiated an Agreed Upon Order with bankruptcy counsel granting relief from the bankruptcy stay ("2017 Agreed Order"). (Donahoo ¶10; **Exhibit A**). Once the order was entered and the automatic stay was lifted, the litigation in the district court and Ninth Circuit continued. (Donahoo ¶11). Over the course of 2017 plaintiffs' counsel litigated against Nabors and the City of Long Beach in the appeals pending at the Ninth Circuit and in this Court concerning the PAGA claims. (Id.).

In February 2018 the Ninth Circuit ruled and reversed and remanded with instructions to this Court to enforce the Nabors' arbitration agreement, an agreement that included a class action waiver. (Donahoo ¶12; **Exhibit B**).

On March 30, 2018, Ronquillo's individual claims were thereafter filed at JAMS in a JAMS Demand for Arbitration. (Donahoo ¶13; **Exhibit C**). Ronquillo's Arbitration Agreement and acknowledgement is attached thereto. *See* Exhibit C, pp. 19 – 43. On or about May 9, 2018, Respondent filed its Answering Statement, generally denying all allegations in the Demand and asserting 45 affirmative defenses, including a reservation of rights to assert additional affirmative defenses. (Donahoo ¶14, **Exhibit D**). Respondent requested that "the Demand be dismissed with prejudice and that Claimant takes nothing thereby;" costs and attorney fees; and "such other and further relief as the Arbitrator may deem just and proper." Nabors' Answering Statement also included, as an affirmative defense, that Ronquillo's claims were "barred under the bankruptcy Plan of Reorganization," despite the 2017 Agreed Order granting relief from stay in the bankruptcy. (Id.)

Following Ronquillo's demand for Arbitration, the litigation of Ridgeway and Smith's claims continued in this Court with discovery and significant law and motion

practice concerning the PAGA claims. In a May 2018 filing in this Court, Nabors asserted that Ridgeway and Smith claims, including the PAGA claims, were barred under the bankruptcy Plan of Reorganization, despite the 2017 Agreed Order. (Donahoo ¶15).

In 2018 Nabors filed further objections in the bankruptcy court objecting to Ridgeway's claims proceeding in arbitration despite the 2017 Agreed Order that permitted the claims to proceed. (Donahoo ¶16). Nabors argued Ridgeway could not proceed with any of the PAGA claims. (Id.)

Faced with Nabors' continued attempt to deny Claimant's claim and Nabors' objections based on the bankruptcy order, in 2019 Ridgeway, Smith and 27 others, including Ronquillo, returned to the bankruptcy court moving for clarification of the 2017 Agreed Order issued by the bankruptcy court. (Donahoo ¶ 17). The workers sought an order permitting their claims to proceed in the pending JAMS arbitration and Ridgeway and Smith sought to proceed with their PAGA representative claims. (Id.) Nabors filed a cross-motion seeking to have the bankruptcy court sustain its objection to the workers' claims including the PAGA claims. (Id.) In a hearing July 16, 2019 the bankruptcy court granted-in-part and denied-in-part the parties' motions, ruling that the workers could proceed with individual claims in arbitration but that Ridgeway and Smith could not proceed with the PAGA claims. (Id., **Exhibit E**).

**B. RONQUILLO'S ARBITRATION**

Thereafter in 2020, this matter was subsequently set for hearing in binding arbitration under JAMS. (Donahoo ¶18). The Arbitrator, Hon. Richard J. McAdams (Ret.) (the "Arbitrator"), was appointed on April 30, 2020. (Donahoo ¶19, **Exhibit F**). Both sides indicated an intent to pursue summary judgment or adjudication. (Donahoo ¶20)

**1. THE ARBITRATOR ISSUED ITS RULING SUMMARILY ADJUDICATING NABORS' LIABILITY**

On October 8, 2020 the parties filed cross-motions for summary judgment or adjudication. (Id.) Presenting lengthy submissions and extensive documents and other evidence, both sides argued that there were no triable issues of fact as to liability. (Id.)

Ronquillo claimed liability was present under the Labor Code (Labor Code §§1194(a), Labor Code § 1771, Labor Code § 1774). Nabors claimed it was entitled to judgment as a matter of law. (Id.) On December 28, 2020 the Arbitrator granted Ronquillo's motion and denied Nabors' motion, holding that Nabors' work was "public work" covered by the Prevailing Wage Law (Labor Code §§1770 et seq.) ("PWL"). (Donahoo ¶21, **Exhibit G**).

### 2. THE ARBITRATION AND RULING ON DAMAGES

After the ruling on liability Nabors declined to engage in any negotiation to resolve the case. (Donahoo ¶22) Each side engaged experts and completed discovery, depositions and hearing preparation. (Id.)

On January 28-29, 2021, this matter proceeded to a "Zoom" arbitration on the issue of damages. The documents submitted voluminous materials which were subsequently reviewed by the Arbitrator. On March 25, 2021, the Arbitrator issued an interim award, awarding damages to Ronquillo (the "Interim Arbitration Award"). (Donahoo, ¶23, **Exhibit H**). In sum, the Arbitrator issued findings on the issues in dispute including as to (a) the proper wage classification under California's Department of Industrial Relations; (b) the wages owed; (c) offsets to the amount of wages owed; (d) statutory interest owed; (e) waiting-time penalties; (f) damages for non-compliant itemized wage statements; and (g) entitlement to attorney's fees as the prevailing party. Petitioner and Respondent thereafter litigated the amount of attorneys' fees and costs. Through the Interim Arbitration Award, the Arbitrator awarded Plaintiff $103,786.96 in wages, $81,042.87 in statutory interest thru January 28, 2021 and continuing at $28.43 per day, and $22,431.20 in statutory penalties under Cal. Labor Code § 203(a), and $3,150 in penalties for wage statement violations under Cal. Labor Code § 226(e). (Id.)

### 3. THE ARBITRATOR AWARDED ATTORNEYS' FEES AND COSTS

On May 10, 2021, Ronquillo filed his Motion to Set Amount of Attorney's Fees and Costs. (Donahoo, ¶24). Ronquillo sought recover of fees and costs associated with the individual arbitration and did not request fees or costs associated with the class action, bankruptcy, or Ninth Circuit appeal. Nabors filed its opposition to Ronquillo's motion on

June 7, 2021 and Ronquillo filed his reply to the opposition on June 17, 2021. (Id.) The matter was heard by the Arbitrator on June 24, 2021. (Id.) The Arbitrator thereafter issued its ruling granting Ronquillo's motion. The Arbitrator reduced the requested lodestar but awarded a 1.25 multiplier. The Arbitrator awarded $341,076.25 in attorneys' fees and $1,418.95 in costs in its final award (the "Final Award"), incorporating its findings from the Interim Arbitration Award. (Id., **Exhibit I**)

Again, although common questions of law and fact predominated over the Ridgeway, Smith, and Ronquillo claims, Ronquillo's counsel did not seek recover reasonable attorneys' fees and costs incurred in litigating the Ridgeway and Smith claims before the Superior Court, the U.S. District Court, Ninth Circuit Court of Appeals. (Donahoo ¶25). Those fees were partially, but not entirely, awarded to Brandyn Ridgeway in the final arbitration award to Brandyn Ridgeway.

The Arbitrator awarded the bulk of attorneys' fees and costs incurred during the arbitration. The Arbitrator concluded the reasonable amount of billable hours should be reduced by five percent (5%) based on review of certain entries, and thereby reduced the arbitration fees to $272,861 based on a lodestar calculation. (Donahoo ¶26).

In total, the Arbitrator awarded $341,076.25 in fees after awarding a 1.25 multiplier based on contingency and risk factors involved in the litigation, including the time consumption of the case, the complexity and novelty of the issues, the intensity of the litigation, and the quality of representation. (Donahoo ¶27).

The Court awarded $1,418.95 in costs after reducing an initial request of $6,276.95. (Donahoo ¶28).

**4. <u>THE ARBITRATOR ISSUED ITS FINAL AWARDED INCORPORATING ITS PRIOR RULINGS</u>**

On June 29, 2021, the Arbitrator entered the Final Award and summarized the award as follows:

1. $103,786.96 in unpaid wage damages;

2. $81,042.87 in statutory interest thru January 28, 2021, and continuing at $28.43 per day;
3. $22,431.20 in waiting time penalties under Cal. Labor Code 203(e);
4. $3,150.00 statutory damages for wage statement violations under Cal. Labor Code 226(e);
5. $341,076.25 for attorney's fees; and,
6. $1,418.95 for costs.

(Donahoo ¶29, **Exhibit I**).

### C. THE ARBITRATOR'S RULING IS CONSISTENT WITH OTHER ARBITRATORS' RULINGS ON THE SAME LIABILITY ISSUE

As set forth in the Arbitrator's written rulings, the Arbitrator applied the law appropriately. Other arbitrators adjudicating the same issue- whether Nabors' work was covered by the PWL- independently and uniformly have come to the same conclusion in other arbitrations. Currently, including Petitioner, twenty-seven 27 former Nabors workers on the subject project are proceeding in JAMS arbitration, each on an individual basis with an independent arbitrator. The workers are represented by the Donahoo firm. (Donahoo ¶30)

Since proceeding to arbitration on Plaintiffs' individual claims, other arbitrators who have ruled on the liability issue in other arbitrations have uniformly found liability against Nabors and in plaintiffs' favor, concluding that the work performed by Nabors was covered by the PWL.

On June 25, 2021 this Court granted individual petitions to confirm similar arbitration awards in favor of Ridgeway and Smith and entered judgments thereon. (See, Case No. 2:15-cv-03436; ECF Nos. 151-154).

## III. THE COURT SHOULD CONFIRM THE FINAL AWARD AND ENTER JUDGMENT

Section 9 of the FAA (9 U.S.C. § 9) governs confirmation of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9

"Review of an arbitration award itself is 'both limited and highly deferential.'" *DeMartini v. Johns* 693 F. App'x 534, 436 (9th Cir. June 7, 2017) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A district court will set aside an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

Section 10 (9. U.S.C. § 10) provides a district court may vacate an arbitration award under

the following circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or,

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a)(1) – (4).

"The [] grounds [in § 10] afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp v. Prudential-Bache Trade Serv. Inc.*, 341

F.3d 987, 998 (9th Cir. 2003) (en banc). These grounds are "the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award." *Biller v. Toyota Motor Corp*., 668 F.3d 655, 664 (9th Cir. 2012) (citing *Kyocera*, 34 F.3d 987 (9th Cir. 2003) and *Hall St. Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008)). An arbitrator exceeds her power not by merely interpreting or applying the governing law incorrectly, but when the award is "completely irrational, or exhibits a manifest disregard of law." *Kyocera*, 341 F.3d at 997. To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995).

Section 11 (9 U.S.C. § 11) provides that a district court may modify or correct an arbitration award under the following circumstances:

> (a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;
>
> (c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a) – (c)

These three provisions, §§ 9-11, "substantiat[e] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs*., 552 U.S. at 588. "Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely the prelude to a more cumbersome and time-consuming judicial review process … and bring arbitration theory to grief in post arbitration process." *Id.* "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard [and] a court must

confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citations omitted).

Here, the Court should confirm the Final Award as this petition satisfies the requirements of section 9 (9 U.S.C. § 9). The Arbitration Agreement was determined by the Ninth Circuit to be binding and enforceable between the parties. (Donahoo ¶12). The written rulings consolidated into the Final Award issued on June 29, 2021 are detailed and properly supported. This Petition is made within one (1) year of the date that the Final Award was issued.

Furthermore, this is the appropriate court to confirm the Final Award and enter judgment for Ronquillo. This Court adjudicated the arbitrability of the Arbitration Agreement at issue and enforced it. The Arbitration Agreement does not specify the court designated to enter judgment confirming the Award. The Arbitration Agreement, Paragraph 31(D) provides that "Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction of the Parties." *See* Donahoo ¶13, Exhibit C, p. 40. This Court has personal and subject matter jurisdiction over the Parties. Finally, the Final Award should also be confirmed because there are no grounds to vacate, modify, or correct the award under sections 10 (9 U.S.C. § 10) and 11 (9 U.S.C. § 11) of the Federal Arbitration Act.

## IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES INCURRED IN PREPARING THE INSTANT PETITION

Plaintiff has incurred or will incur more than $10,300 in reasonable attorneys' fees and $400 in costs in connection with filing this action, preparing this Petition and litigating the issues herein. This amount is recoverable pursuant to California Labor Code Section 1194(a) and 226(e).

Plaintiff's First Cause of Action for Failure to Pay Prevailing Wages is brought under Labor Code §§1194, 1771 and 1774. (Demand and Claim for Arbitration, ("Complaint") p. 1). Claimant's Third Cause of Action for Failure to Provide Accurate

Itemized Wage Statement under Labor Code §226(a) prayed for "penalties and/or actual damages pursuant to Labor Code §226(e) for violation of Labor Code §226(a)." (Complaint, p. 11). Claimant further prayed for "[a]n award of attorneys' fees under Labor Code §1194 . . . and/or other applicable state laws." (Donahoo ¶34)

Labor Code Section 1194(a) provides:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

The California Supreme Court has confirmed the right of plaintiffs to recover one-way attorneys' fees for prevailing wage claims under §1194(a). *Kirby v. Immoos Fire Protection, Inc.*, (2012) 53 Cal. 4th 1244, 1252.

"Arbitration agreements are governed by their own attorney fees and costs provisions. But in employment dispute matters involving statutory claims, an employee's statutory rights to attorney fees and costs are not waived or forfeited, but rather are inferred in the arbitration agreement." (*Ling v. P.F. Chang's China Bistro, Inc.*, (2016) 245 Cal. App. 4th 1242, 1254, citing, *Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83, 106 (*Armendariz*); *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086].)

The Arbitrator in its ruling issued on June 28, 2021, awarded Ronquillo's counsel to reasonable attorney's fees and costs based on Cal. Labor Code §§ 1194(a) and 226(e). *See* Exhibit H. This ruling provided the basis for Plaintiff's request for attorneys' fees. *See* Exhibit H. (Donahoo ¶35)

Plaintiff has incurred or will incur more than $10,300 in attorneys' fees in this action, including preparing this petition and expected costs of replying to any opposition and attending the hearing. (Donahoo ¶¶31-33) Should Nabors file a motion to vacate or modify the award, Plaintiffs will seek additional fees associated with litigating that motion.

## V. CONCLUSION

For the foregoing reasons, Ronquillo respectfully requests that this Court:

1. Issue an Order confirming the Final Award;

2. Awarding post-Arbitration attorneys' fees in connection with the instant action and this motion in an amount of at least $10,300, and costs in the amount of $400, according to proof at time of hearing;

3. Enter judgment in favor of Frank Ronquillo and against Nabors in the amount of $103,786.96 in wages, $81,042.87 in statutory interest thru January 28, 2021, and continuing at $28.43 per day, $22,431.20 for waiting time penalties under Cal. Labor Code 203(e); $3,150.00 in statutory penalties under California Labor Code § 226(e), $341,076.25 in attorneys' fees, and $1,418.95 in costs;

4. Any such further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

Dated: August 30, 2021

DONAHOO & ASSOCIATES, PC

By: /s/ *Richard E. Donahoo*________________
Richard E. Donahoo
Sarah L. Kokonas
R. Chase Donahoo
Attorneys for Frank Ronquillo